**Electronically Filed
Supreme Court
SCWC-13-0000023
04-MAR-2016
11:44 AM**

SCWC-13-0000023

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

———————————————————————————————————————————————

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

MATTHEW ELBERSON,
Petitioner/Defendant-Appellant.

———————————————————————————————————————————————

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0000023; CASE NO. 1DTA-12-00939)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Matthew Elberson seeks

review of the Intermediate Court of Appeals' (ICA) July 9, 2015

Judgment on Appeal, entered pursuant to its May 29, 2015 Summary

Disposition Order, which affirmed the District Court of the

First Circuit's (district court) Judgment entered on December

17, 2012.[1]  The district court found Elberson guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2012).[2]  We accepted Elberson's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the district court's Judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Elberson was taken to the police station, where he was read an implied consent form.[3]

---

[1]    The Honorable David W. Lo presided.

[2]    HRS § 291E-61(a)(3) provides in relevant part:

(a)    A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

       (3)    With .08 or more grams of alcohol per two hundred ten liters of breath. . . .

[3]    The form, titled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing," stated in relevant part:

1. ___    Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood, or urine as applicable.

2. ___    You are not entitled to an attorney before you submit to any tests or tests to determine your alcohol and/or drug content.

3. ___    You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given, except as provided in section 291E-21.  However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or

2

On the form, Elberson indicated that he refused to take either a breath test or a blood test. The police officer then read Elberson a second form, titled "Sanctions for Use of Intoxicants While Operating a Vehicle & Implied Consent for Testing." After being informed of the sanctions for refusal, Elberson elected to take a breath test. The breath test resulted in a breath alcohol content reading of 0.167 grams of alcohol per 210 liters of breath. On certiorari, Elberson contends (1) the State did not prove the elements of the crime; (2) the ICA erred in affirming the district court's admission of the breath test results based on State v. Won, 134 Hawaiʻi 59, 332 P.3d 661 (App. 2014); (3) the State failed to lay a sufficient foundation to admit the breath test; and (4) the State was not permitted to file foundational documents with the trial court that it then relied on to request judicial notice. As part of his second argument, Elberson asserts he was coerced to agree to the breath test by the threat of imprisonment for refusal to submit to a breath, blood, or urine test.

In State v. Won, 136 Hawaiʻi 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a

_____

fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with <u>Won</u>, the result of Elberson's breath test was the product of a warrantless search, and the ICA erred by concluding that Elberson's claim that the breath test results should have been suppressed lacked merit.  Accordingly, Elberson's OVUII conviction cannot be upheld.

IT IS HEREBY ORDERED that the ICA's July 9, 2015 Judgment on Appeal and the district court's Judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in <u>Won</u>.

DATED:  Honolulu, Hawai'i, March 4, 2016.

| | |
|---|---|
| Richard L. Holcomb<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| James M. Anderson<br>For respondent | /s/ Michael D. Wilson |

